LA VERNE AUSMAN, Secretary Department of Agriculture, Trade andConsumer Protection
You have requested my opinion regarding interpretation of section 100.30(2)(n), Stats., as it relates to the practice of retail grocers deducting manufacturers' conditional promotional allowances as "trade discounts" for purposes of determining the "cost to retailer" and lowest legal retail selling price under section 100.30(2)(b).
You state that there are manufacturers' allowances currently prevalent in the marketplace where the cost needed to be expended by the retailer to satisfy the terms and conditions of the allowance does not bear any relationship to the amount of the allowance. In fact, the amount of the allowance usually exceeds the cost of performance. You cite four examples:
 1. A manufacturer offers an allowance per product unit which is conditioned on the retailer's advertising the product. There are no qualifications as to the size of the advertisement and the manufacturer permits the retailer to use handout flyers and other on-premises advertising to fulfill the condition of the promotion. As a result, the amount of the allowance is in no way related to the cost of the advertising and can exceed that cost, depending strictly on how the retailer chooses to advertise the product.
 2. A manufacturer offers an allowance per product unit which is conditioned on the retailer displaying the product in the store in a way other than the way the product is normally exhibited for sale. The cost to the retailer consists solely of the allocated cost of the floor space made available for the special *Page 127 
display and frequently, but not always, the labor expended in setting up the display. The amount of the allowance does not relate to the retailer's actual cost of the display and almost invariably exceeds that cost.
 3. A manufacturer offers an allowance per product unit conditioned on the retailer's reducing the regular selling price of the product. The amount of the price reduction required is not specified. The only "cost" to the retailer to comply with this condition is the cost of temporarily reducing the price of the item. Therefore, the amount of the allowance usually far exceeds the cost to the retailer to reduce the price.
 4. A manufacturer offers an allowance conditioned on performance by the retailer of one of several conditions, giving the retailer the choice of what to do to qualify for the allowance. The usual choices of type of performance are either: advertising or display; or advertising, display or price reduction. The conditions for each type of performance are the same as outlined in the previous three examples, and the amount of the allowance relates to the "cost" of performance in accordance with which type of performance the retailer chooses as explained in the previous examples.
Your question is whether any of the four allowances listed above can be deducted as a trade discount from the invoice cost in determining the cost to retailer under section 100.30. Section100.30(2)(b) and (2)(n) provides:
 (2)(b) "Cost to retailer" means the invoice cost of the merchandise to the retailer within 30 days prior to the date of sale, or replacement cost of the merchandise to the retailer, whichever is lower, less all trade discounts except customary discounts for cash, plus any excise taxes imposed on such merchandise or the sale thereof other than excise taxes collected by the retailer, and any cost incurred for transportation and any other charges not otherwise included in the invoice cost or the replacement cost of the merchandise as herein set forth, to which shall be added a markup to cover a proportionate part of the cost of doing business, which markup, in the absence of proof of a lesser cost, shall be 6% of the cost to the retailer as herein set forth. *Page 128 
 (2)(n) The term "trade discount" shall not include advertising, display or promotional allowances in the absence of a statement in writing from the grantor that receipt of such allowance is not conditioned on the performance of any service or expenditure of any money for promotion, advertising or any other purpose.
Section 100.30(2)(n) broadly excludes conditional promotional allowances from the term "trade discount." There is no indication from the wording of subsection (2)(n) that it is intended to apply to a conditional allowance only to the extent that the allowance compensates the retailer for the actual cost of advertising, display or other form of promotional service or expense. The fact that a manufacturer's conditional allowance exceeds the retailer's cost of fulfilling the requirements for its receipt also does not make it any less of a conditional promotional allowance. Nor does the fact that the retailer elects to "pass through" the allowance "excess" to customers make it any less conditional in nature.
Trade discounts relate to prices charged by a manufacturer or wholesaler. See State v. Eau Claire Oil Co., 35 Wis.2d 724, 740,151 N.W.2d 634 (1967). They customarily allow for differences in the cost of manufacture, sale or delivery resulting from differing methods or quantities in which merchandise is sold or delivered to retailer customers. This differs from payments and allowances to retailers made in consideration for services, facilities or other things of value furnished by retailers. Such a difference is reflected in the well-established distinction made by sections 2(a) and 2(e) of the federal Robinson-Patman Act, 15 U.S.C. § 13. In my opinion the term "trade discount" under section 100.30 means a deduction from a manufacturer's (or other supplier's) list price which ostensibly relates solely to the terms and conditions of sale to the retailer, unless some other form of deduction is explicitly included or excluded by the statute itself. The conditional allowances which you describe are, by their very terms, not intended and offered by the manufacturer purely as a reduction of the list price of goods sold. Rather, they are allowed because of some condition of performance relating to product advertising or promotion which the retailer must meet, however minimal.
I further conclude that the fact that a retailer chooses to directly or indirectly pass on to its customers that portion of a manufacturer's conditional promotional allowance which amounts to "savings" *Page 129 
is immaterial to whether the allowance qualifies as a trade discount for purposes of section 100.30(2)(n). In Eau Claire OilCo., 35 Wis.2d at 740, the court stated that it was "abundantly clear that a trade discount is given by a wholesaler or manufacturer to the retailer, not by the retailer to a customer or patron, as defendant would have this court hold."
At first blush it may appear that by not being permitted to apply the "savings" portion of a conditional allowance against invoice cost, a retailer will be forced to use a "cost" that isn't actually a cost for purposes of complying with section100.30(2)(b) or (2)(k). However, both subsections (2)(b) and (2)(c) provide a mechanism for consideration of any bona fide reduction in the cost of doing business by permitting the retailer to make "proof of a lesser cost" than the prescribed minimum markup. The matter of proving a lesser cost of doing business under section 100.30 is discussed in 53 Op. Att'y Gen. 1 (1964).
Finally, it should be noted that under section 100.30(2)(n) the Legislature has permitted retailers to maximally use manufacturers' promotional allowances to reduce "invoice cost" for purposes of computing lowest legal selling price by allowing full deduction of such an allowance when it is not conditional on retailer performance of service or expenditure.
BCL:DAM